LEWIS *v.* ROAD IMPROVEMENT DISTRICT No 1 OF POLK COUNTY.

Opinion delivered September 29, 1919.

1.    COURTS—ORDER OF ADJOURNMENT—PRESUMPTION.—The record of the county court entered on March 3rd, did not show the order of adjournment on that day; but the opening order of the record on March 5th, recited that the court met that day pursuant to adjournment; *held* it will be presumed that on March 3rd, there was an adjournment over to March 5th.

2.    ROADS AND ROAD DISTRICTS—VALIDITY OF ORGANIZATION.—A road district *held* properly organized under act of 1915, page 1400.

Appeal from Polk Circuit Court; *J. S. Steel,* Judge; affirmed.

*Pole McPhetrige,* for appellant.

1.    The petition did not contain a majority in number of land owners, acreage or land values as prescribed by law. Kirby's Digest, §§ 6899-6903-4; 99 Ark. 508; Acts 1915; Act 338, § 2.

2.    The record shows that court was legally in session when the judgment was entered. *Light* v. *Self,* 138 Ark. 221.

*Norwood & Alley,* for appellee.

1.    There is no bill of exceptions in the record. 117 Ark. 377; 86 *Id.* 456. .

2. The brief of appellants does not contain a sufficient abstract. 90 Ark. 393; 92 *Id.* 141; 89 *Id.* 349.

3. The motion for new trial was not filed in time.

4. The petition contains a majority of land owners and the petition should have been granted. The finding of the court is conclusive. 90 Ark. 512; 91 *Id.* 108; 92 *Id.* 41; 96 *Id.* 606; 104 *Id.* 154. Act 338, Acts 1915, § 2, was fully complied with.

McCULLOCH, C. J. Appellants are owners of real property within the boundaries of a road improvement district in Polk County created by a judgment of the county court of that county, entered on March 5, 1919, pursuant to the terms of the act of March 30, 1915, authorizing the creation of such districts. Acts 1915, page 1400. Appellants appeared in the county court within thirty days after the rendition of the judgment creating the district and prosecuted an appeal to the circuit court from that judgment. The trial of the cause in the circuit court resulted in a judgment of that court creating the district, as was done by the order of the county court appealed from.

The only issue in the trial below was concerning the number of signatures of property owners to the petition for the improvement. Section 2 of the statute cited above provides that the county court shall make an order establishing a district when it appears to the court "that the petition is signed by either a majority in land value, acreage, or in number of land owners within the proposed district, and if the county court deems it to the best interest of the county and the land owners in said district" and that "such majority in acreage, number of land owners, or majority in land value to be determined by the assessment for the purpose of general taxation in force in said county at that time."

(1) Appellants have undertaken to raise here for the first time the question whether or not the record shows that the county court was in session when the judgment was rendered creating the district. The record sent up to

the circuit court contains the opening order of the court on the day fixed by law, being the first Monday in January, 1919, and various adjournment orders from time to time over to March 3, but the order of adjournment on March 3 does not appear in the record. In other words, the record of the county court entered on March 3 does not show the order of adjournment on that day. The opening order of the record on March 5 recites, however, that the court met that day pursuant to adjournment. This question was not raised in the trial below, and in view of the silence of the record concerning the adjournment on March 3, and the recitals of the opening order of the court on March 5, we must indulge the presumption that there was an adjournment over to the latter date.

(2) Coming then to the only question raised in the trial below and properly presented here for decision, we are only called upon to decide whether or not there was substantial evidence to sustain the finding of the court. On the application of all the parties to the controversy, the court appointed three commissioners to ascertain the facts concerning the number of property owners in the district and the number of valid signatures to the petition. Those commissioners made a report of their findings to the court, and also testified orally. Appellants also testified concerning the number of property owners and the number of valid signatures on the petition. Appellants also introduced the record of real estate assessment books of the county, but the same has not been abstracted. They have, however, abstracted the testimony of all the witnesses bearing on the issue involved.

We are, as before stated, only concerned with the question of legal sufficiency of the evidence, and upon due consideration we have reached the conclusion that there is sufficient evidence to sustain the finding of the court. In doing so we look only to the abstracted evidence, which was that of the witnesses introduced on each side without objection, tending to establish the number of owners of real property in the district and the number of valid signatures to the petition. The judgment of

the court was manifestly based upon a finding that the petition contained a majority of the owners of property, not in acreage or in value, but a majority in numbers, and we think there is enough testimony to support that finding.

We do not deem it necessary to decide whether or not the county tax assessment records are conclusive as to the ownership and number of land owners, for we think that in either view of the matter there is enough evidence to sustain the finding of the court. The testimony adduced by appellee tends to show that there are 1,841 owners of real property in the district, but that the names of 132 of them do not appear on the assessment books, which, according to that testimony, leaves 1,709 names of property owners on the assessment books. The same testimony also tends to show that there are on the petition the signatures of 881 property owners whose names appear on the county assessment books, and also the signatures of 132 other property owners in the district whose names do not appear on the assessment books. Taking, therefore, the assessment books as the sole guide, there are 1,709 names of which 881 appear on the petition, which constitutes a majority of 53. On the other hand, if we construe the statute not to make the assessment books the sole test, it appears from the testimony most favorable to appellee that there are 1,841 owners of property in the district and that 1,013 of them signed the petition. In either event, there is legally sufficient evidence to sustain the verdict, and the judgment is, therefore, affirmed.